## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

IN RE:
CARDSERVE FINANCIAL SERVICES, LLC,

           Debtor.

_____/

Case No. GG 04-07703
Chapter 11 Filed: 06/21/04
Honorable James D. Gregg
U.S. Bankruptcy Judge

MARCIA R. MEOLI, Trustee

           Plaintiff,

v.

NORTH AMERICAN BANCARD, INC. and
MONEY MACHINE, LLC, jointly and severally,

           Defendants.

_____/

Adv. Pro. No.

### COMPLAINT FOR TURNOVER AND PRELIMINARY INJUNCTION

       Marcia R. Meoli, Chapter 11 Trustee herein, by and through her attorneys, Miller, Johnson, Snell & Cummiskey, P.L.C., as her Complaint in this matter, states as follows:

### GENERAL ALLEGATIONS

       1.     On June 21, 2004 (hereinafter "Petition Date"), an involuntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code was filed against CardServe Financial Services, LLC (hereinafter "Debtor").

       2.     An Order for Relief under Chapter 11 of the United States Bankruptcy Code was entered by this Court on July 15, 2004.

       3.     Marcia R. Meoli was appointed and continues to serve as the Chapter 11 Trustee in this matter.

       4.     This Court has jurisdiction over this case and this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 542.

5.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E), (F), (H), and (O).

6.     This Court has jurisdiction and venue is proper pursuant to 28 U.S.C. § 1409.

7.     North American Bancard, Inc. ("NAB") is a corporation organized and existing under the laws of the State of Michigan.

8.     Money Machine, LLC ("Money Machine") is a limited liability company organized and existing under the laws of the State of Michigan.

9.     NAB and Money Machine (jointly "Defendants") have offices located at 3221 West Big Beaver, Suite 110, Troy, MI 48084.

## CONTRACT # 1

10.     On or about April 19, 2001 NAB entered into a contract with Debtor entitled "North American Bancard – Agent Agreement" (hereinafter "Contract # 1").

11.     An accurate copy of Contract # 1 is attached to this Complaint as Exhibit A.

12.     Contract # 1 was amended and supplemented by the "Conversion Bonus Plan for CardServe 01/16/2003" (hereinafter "Bonus Plan").

13.     An accurate copy of the Bonus Plan is attached to this Complaint as Exhibit B.

14.     Under the terms of Contract # 1, NAB is obligated to pay Debtor fifty percent (50%) of the net income received by NAB under any Merchant Agreement as defined in Contract # 1 which was solicited by Debtor.

2

15.     Under the Bonus Plan, NAB is obligated to pay CardServe an additional amount equal to three (3) months estimated profit on each new merchant solicited by Debtor under Contract # 1.

16.     Upon information and belief, over 400 merchants solicited by Debtor are currently parties to a Merchant Agreement with NAB.

17.     Upon information and belief, the Debtor should be receiving approximately $7,000 per month from NAB pursuant to Contract # 1 and the Bonus Plan.

18.     NAB has failed and/or refused to pay the Debtor all sums due under Contract # 1 and the Bonus Plan.

## CONTRACT # 2

19.     On or about May 3, 2002, Money Machine entered into a contract with Debtor entitled "Meijer ATM Terminal Commission Letter of Agreement" (hereinafter "Contract # 2").

20.     An accurate copy of Contract # 2 is attached to this Complaint as Exhibit C.

21.     Under the terms of Contract # 2, Money Machine is obligated to pay Debtor a specified fee for each transaction performed on ATM terminals placed at Meijer stores by NAB or Money Machine.

22.     Pursuant to Contract # 2, Money Machine is obligated to pay Debtor a cash commission of $300 for each ATM placed at a Meijer store by NAB or Money Machine.

23.     All payments from Money Machine pursuant to Contract # 2 are due monthly within fifteen days of the end of the prior month.

24.    Contract # 2 requires Money Machine to provide Debtor with monthly Meijer ATM transaction reports, which detail (a) the number of monthly ATM transactions by each Meijer ATM location, and (b) the number of current Meijer ATM locations operating.

25.    Contract # 2 also requires Money Machine to make all Meijer ATM records available for Debtor's review.

26.    In the event of a breach of Contract # 2 by Money Machine, Debtor is entitled to recover all costs of enforcement of the Contract, including reasonable attorney's fees.

27.    The term of Contract # 2 is perpetual.

28.    Upon information and belief, more than 150 ATM machines placed in Meijer stores by NAB or Money Machine are currently in operation.

29.    Upon information and belief, additional ATM machines are placed at Meijer stores by NAB or Money Machine each month.

30.    Upon information and belief, the monthly fees and commissions due Debtor under Contract # 2 total at least $15,000 and are increasing each month.

31.    The Trustee and her counsel have made written requests upon Money Machine for all reports, records and monies due under Contract # 2.

32.    Money Machine has failed and/or refused to comply with Trustee's request.

## CONTRACT # 3

33.    On or about May 13, 2003, Money Machine and Debtor entered into a contract entitled "Kroger ATM Agent Letter of Agreement" (hereinafter "Contract # 3.").

34.    An accurate copy of Contract # 3 is attached to this Complaint as Exhibit D.

35.    Under the terms of Contract # 3, Money Machine is obligated to pay Debtor a specified fee for each ATM transaction performed on any ATM placed at a Kroger store by Money Machine.

36.    Payments from Money Machine under Contract # 3 are due monthly within fifteen days of the end of the prior month.

37.    Under Contract # 3, Money Machine is obligated to provide Debtor with monthly Kroger ATM Transaction Reports, detailing the number of monthly ATM transactions by each Kroger ATM location and detailing the number of current Kroger ATM locations operating.

38.    The terms of Contract # 3 also obligate Money Machine to make all Kroger ATM transaction records available for review by the Debtor.

39.    In the event of a breach of Contract # 3 by Money Machine, Debtor is entitled to recover all costs of enforcement of the Contract, including reasonable attorney's fees.

40.    The term of Contract # 3 is perpetual.

41.    The Trustee and her counsel have made written demand on Money Machine for all records and monies due on Contract # 3.

42.    Money Machine has failed and/or refused to comply with the Trustee's request.

## CONTRACT # 4

43.    On or about May 13, 2003, Money Machine and Debtor entered into a contract entitled "ATM Swipe Agent Letter of Agreement" (hereinafter "Contract # 4.").

44.    An accurate copy of Contract # 4 is attached to this Complaint as Exhibit E.

45.     Under the terms on Contract # 4, Money Machine is obligated to pay the Debtor a specified fee for each transaction performed on all ATM swipe machines sold, placed or contracted by Money Machine and its associate sales representatives throughout the continental United States.

46.     Contract # 4 requires Money Machine to pay the Debtor an additional fee on any ATM swipe machines sold directly through Debtor's sales efforts.

47.     Contract # 4 requires Money Machine to pay Debtor all fees due under the Contract on a monthly basis.

48.     Contract # 4 requires Money Machine to provide Debtor with monthly ATM swipe transaction reports detailing the number of monthly ATM transactions by each ATM swipe location and to include the number of current ATM swipe locations operating.

49.     Contract # 4 also requires Money Machine to make all ATM swipe transaction records available for Debtor's review.

50.     In the event of a breach of Contract # 4 by Money Machine, Debtor is entitled to recover all costs of enforcement of the Contract, including reasonable attorney's fees.

51.     The term of Contract # 4 is perpetual.

52.     Trustee and her counsel have requested that Money Machine turn over the report information and any money due under Contract # 4.

53.     Money Machine has failed and/or refused to turn over any information and/or monies due under Contract # 4.

## COUNT I - TURNOVER PURSUANT TO 11 U.S.C. § 542

54.     Plaintiff hereby restates and incorporates the allegations set forth in paragraphs 1 through 53 above.

55.    Pursuant to the terms of Contract # 1, NAB owes one or more debts to the Debtor.

56.    Pursuant to the terms of Contract #s 2, 3 and 4, Money Machine owes one or more debts to the Debtor.

57.    The debts owed by NAB are property of the bankruptcy estate.

58.    The debts owed by Money Machine are property of the bankruptcy estate.

59.    The debts owed by NAB for all sums due as of the date of this Complaint have matured and are payable on demand.

60.    The debts owed by Money Machine for all sums due as of the date of this Complaint have matured and are payable on demand.

61.    NAB is not entitled to offset the obligations owed to the Debtor against any claims.

62.    Money Machine is not entitled to offset the obligations owed to the Debtor against any claims.

63.    One or both of the Defendants hold recorded information relevant to the above-referenced Contracts.

64.    The recorded information relates to the Debtor's property or financial affairs.

65.    The Defendants are required to turn this information over to the Trustee.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in favor of Plaintiff and against Defendants granting the following relief:

A.    Requiring NAB to account for any and all monies due Debtor under the terms of Contract # 1 described in this Complaint.

B.      Requiring Money Machine to account for any and all monies due Debtor under the terms of Contract #s 2, 3 and 4 described in this Complaint.

C.      Requiring NAB to immediately turn over to the Trustee all monies due the Debtor under Contract # 1.

D.      Requiring Money Machine to immediately turn over to the Trustee all monies due the Debtor under Contract #s 2, 3 and 4.

E.      Requiring NAB to immediately turn over to the Trustee all reports required by the terms of Contract # 1.

F.      Requiring Money Machine to immediately turn over to the Trustee all reports required by the terms of Contract #s 2, 3 and 4.

G.      Requiring Defendants to immediately turn over to the Trustee all recorded information, including, but not limited to, books, documents, records, and papers, which in any way relate to the Contracts described in this Complaint or otherwise relate to the Debtor's property or financial affairs.

H.      Requiring Defendants to comply with the terms of the Contracts from and after the date of this Complaint.

I.      Requiring Defendants to reimburse Trustee for all costs incurred in enforcing the Contracts, including reasonable attorney's fees.

J.      Granting such other and further relief as this Court may deem just, equitable and proper.

## COUNT II – REQUEST FOR PRELIMINARY INJUNCTION

66.     Plaintiff hereby restates and incorporates the allegations set forth in paragraphs 1 through 65 above.

8

67.    Upon information and belief, the Defendants continue to receive monies from third parties which they are obligated to pay to the Debtor pursuant to the Contracts described in this Complaint.

68.    Upon information and belief, the Defendants have commingled the monies described in paragraph 67 with other revenues received in the operation of their businesses.

69.    Upon information and belief, the monies due Debtor under the Contracts described in this Complaint are generally being used by the Defendants in the operation of their businesses.

70.    Unless Defendants are enjoined from using the monies which are otherwise payable to Debtor, the monies are in danger of being dissipated.

71.    Dissipation of the monies due Debtor would cause irreparable harm to the Debtor and the bankruptcy estate.

72.    Enjoining Defendants from using the monies due Debtor would not harm Defendants or any other party in any way.

73.    Pursuant to the terms of the Contracts, it is likely that Trustee will prevail on the merits of this action.

WHEREFORE, Plaintiff hereby requests that this Court enter a preliminary injunction in favor of Plaintiff and against Defendants as follows:

A.    Requiring Defendants to place all funds previously received or which may be received in the future and which are due Debtor under the Contracts in a segregated interest bearing account until further order of this Court.

B.    Enjoining Defendants from using any funds which may be due and payable to the Debtor under the Contracts until further order of this Court.

9

C.    Granting such other and further relief as this Court may deem just, equitable and proper.

Miller, Johnson, Snell & Cummiskey, P.L.C.
Counsel for Trustee

Dated: _March 4_, 2005

John T. Piggins (P34495)
Business Address:
    Calder Plaza Building
    250 Monroe Ave. N.W. Suite 800
    PO Box 306
    Grand Rapids, MI 49501-0306
Telephone:  (616) 831-1700
Facsimile:  (616) 831-1701

#907074

10